**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| SHERROD PIGEE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK,<br><br>Defendant. | Case No. 25-14064 |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant U.S. Bank National Association ("U.S. Bank" or "Defendant") hereby files this Notice of Removal of this action from the 67th Judicial District Court, State of Michigan, to the United States District Court for the Eastern District of Michigan, and in support states as follows:

1. Plaintiff Sherrod Pigee ("Plaintiff") commenced a civil action, styled *Sherrod Pigee v. U.S. Bank National Association* in the 67th Judicial District, State of Michigan, by filing an Affidavit and Claim Small Claims (the "Complaint"), on or about November 14, 2025, which is currently pending as Case No. C25F2403-SC.

2. A copy of the Complaint was mailed to "US Bank" via certified mail at "800 Nicolette Mall, Minneapolis, MN 55402" on or about November 18, 2025.[1] A

[1] Defendant maintains that service is improper for at least two reasons: (1) Plaintiff failed to restrict delivery of the certified mail to the addressee as required by M.C.R. 2.105(A)(2); and (2) Plaintiff failed to serve an "officer, director, trustee, agent, or person in charge" of U.S. Bank as required

copy of the Complaint is attached to this Notice of Removal as **Exhibit A** and constitutes all process, pleadings, and orders received by U.S. Bank in this matter. U.S. Bank will supplement this Notice of Removal with a copy of the other papers of record in the State Court Action.

3. As set forth in the Complaint, Plaintiff seeks to recover damages, interest, and attorneys' fees from Defendant, as well as seeks injunctive relief, based upon allegations of violations of the Michigan Consumer Protection Act ("MCPA") and the Fair Credit Reporting Act ("FCRA"), negligent misrepresentation, and "financial and reputational harm." Complaint at 9.

4. This Court has original jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Defendant shows the Court this civil action is removable for the reasons set forth below:

a. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003).

---

by 2.105(E)(1). Out of an abundance of caution, Defendant files this Notice of Removal within the 30-day removal deadline pursuant to 28 U.S.C. § 1446(b)(1) from U.S. Bank's informal notice of the Complaint.

b. Plaintiff asserts a claim for violation of the FCRA against U.S. Bank. *See* Complaint at 9. The FCRA expressly grants this Court original jurisdiction to hear such claims. *See* 15 U.S.C. § 1681p (an action to enforce the FCRA "may be brought in any appropriate United States district court, without regard to the amount in controversy . . . .").

c. This Court has supplemental jurisdiction over Plaintiff's state law claims as well pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *See* 28 U.S.C. § 1367(a). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). Here, Plaintiff's state law claims share a common nucleus of operative facts with his other claims because they each arise from and relate to Plaintiff's purported lease agreement with U.S. Bank and the related credit reporting.

d. Defendant denies all liability to Plaintiff.

e. This Notice of Removal was filed within thirty days after Defendant informally received a copy of the Complaint and was therefore timely.

f. The State Court in which this action was commenced is within this Court's District.

g. Defendant will promptly file a copy of this Notice of Removal with the Clerk for the 67th Judicial District Court, State of Michigan, and a copy of this Notice of Removal will also be served on Plaintiff.

5. Defendant reserves the right to assert all defenses, objections, and counterclaims to the Complaint.

WHEREFORE, Defendant prays that the state court action pending as *Sherrod Pigee v. U.S. Bank National Association*, Case No. C25F2403-SC, be removed to this Honorable Court.

Dated: December 16, 2025

**POLSINELLI PC**

By: /s/ Joshua McCaig

**Joshua McCaig**
Michigan Bar No. P66076
jmccaig@polsinelli.com
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 395-0651
Facsimile: (816) 817-0498

*Counsel for Defendant*
*U.S. Bank National Association*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 16, 2025, a copy of the foregoing document was served via the Court's Electronic Filing System and/or via U.S. Mail as follows:

Sherrod D. Pigee
PO Box 991
Grand Blanc, MI 48480

*/s/ Joshua McCaig*
Joshua McCaig
*Counsel for Defendant*
*U.S. Bank National Association*