UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Case No. 2:25-cv-14064
Hon. BRANDY R. MCMILLION

SHERROD PIGEE,
Plaintiff,
v.
U.S. BANK NATIONAL ASSOCIATION,
Defendant.

# PLAINTIFF'S EMERGENCY MOTION TO REMAND; MOTION TO STAY ALL FEDERAL PROCEEDINGS; OPPOSITION TO REMOVAL; REQUEST FOR COSTS & FEES; AND COMPREHENSIVE MEMORANDUM OF LAW

Filed: December 30, 2025

**Pro Se Contact:** Sherrod Pigee • PO Box 991 • Grand Blanc, MI 48480 • (810) 391-6977 • SDPIGEE@YAHOO.COM

FILED
JAN 07 2026
U.S. DISTRICT COURT
FLINT, MICHIGAN

## TABLE OF CONTENTS


I. Introduction and Overview of Defendant's Procedural Gamesmanship

II. Jurisdictional Statement

III. Procedural History

IV. Statement of Facts (including reliance on Defendant's customer service representations)

V. Issues Presented

VI. Standard of Review

VII. Argument

A. Removal is strictly construed; Defendant bears the burden; remand is mandatory where jurisdiction is absent

B. No subject-matter jurisdiction: no diversity and no federal question

C. Waiver of removal by seeking substantive state-court relief

D. Procedural defects and improper timing under 28 U.S.C. § 1446

E. Rooker–Feldman and limits on federal review of state judgments

F. Abstention/comity (Younger and related principles)

G. Estoppel, agency, and unclean hands (Michigan and federal authority)

H. Bad-faith removal; costs and fees under 28 U.S.C. § 1447(c)

VIII. Requested Relief

IX. Signature Block

X. Certificate of Service

XI. Proposed Order

APPENDIX A: Case Law Index (Authorities Cited)

# I. INTRODUCTION AND OVERVIEW OF DEFENDANT'S PROCEDURAL GAMESMANSHIP

Defendant's removal is not a good-faith invocation of federal jurisdiction—it is a procedural escape attempt after Defendant ignored the state court hearing and suffered a default judgment. On December 15, 2025, the 67th District Court (Genesee County) entered Default Judgment for Plaintiff in the amount of $7,000 plus $86 in court costs. Defendant did not appear.

After default, Defendant sought relief in the state court by filing a motion to set aside the default judgment. Before the state judge ruled on that motion, Defendant removed this case to federal court. That sequence is not neutral; it is gamesmanship designed to delay enforcement and obtain a second bite at the apple in a different forum.

Compounding the impropriety, Defendant's counsel now suggests Plaintiff's position "falls flat" because Plaintiff cannot prove payments were "on time." But Plaintiff repeatedly called Defendant's customer service to ask the precise question that matters—whether payments were late or "30 days late"—and Defendant's own agents repeatedly assured Plaintiff the answer was *no*. Phone records corroborate Plaintiff's diligence and Defendant's repeated representations. Defendant cannot profit from its own misinformation.

Because (1) the amount in controversy is far below $75,000, (2) no federal question appears on the face of the complaint, (3) Defendant waived removal by seeking substantive state-court relief, and (4) removal is procedurally abusive given the existing state judgment and pending state motion practice, this Court must remand. Plaintiff also requests a stay of all federal proceedings pending remand and an award of costs and fees for improper removal.

## II. JURISDICTIONAL STATEMENT

Federal courts are courts of limited jurisdiction. The removing party bears the burden of establishing subject-matter jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006). Removal statutes are strictly construed, and all doubts are resolved in favor of remand. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). If jurisdiction is lacking at any time, remand is mandatory. 28 U.S.C. § 1447(c).

## III. PROCEDURAL HISTORY

1. Plaintiff filed this action in the 67th District Court, Genesee County, Michigan.

2. The state court set a hearing for December 15, 2025 at 9:00 AM.

3. Plaintiff appeared for the hearing. Defendant did not appear through counsel or representative.

4. The state court entered Default Judgment on December 15, 2025 for $7,000 plus $86 in court costs.

5. Defendant later filed a motion in state court to set aside the default judgment.

6. Before the state judge ruled on that motion, Defendant removed this action to federal court.

## IV. STATEMENT OF FACTS

A. **Plaintiff's diligence and reliance on Defendant's representations.** Plaintiff repeatedly contacted Defendant's customer service after making payments and asked direct, specific questions: (i) whether the payment was late; and (ii) whether the account was "30 days late" or otherwise reportable as delinquent. Defendant's agents repeatedly told Plaintiff *no*—the payments were not 30 days late and the account was not reportable as delinquent. Plaintiff reasonably relied on those representations in managing his credit and financial affairs. Plaintiff's phone records corroborate the timing and frequency of these inquiries.

B. **Defendant's reversal in litigation.** Defendant now argues that Plaintiff cannot "prove" timeliness. That position conflicts with Defendant's prior agent representations and seeks to convert Defendant's own misinformation into a defense. Equity and estoppel principles prohibit that result.

C. **Ongoing credit harm.** Plaintiff alleges continuing negative credit reporting across multiple consumer reporting agencies, causing financial harm and significant stress. The ongoing harm underscores the urgency of prompt remand and immediate restoration of proper state-court adjudication.

## V. ISSUES PRESENTED

1. Whether removal fails for lack of subject-matter jurisdiction where the amount in controversy is $7,086 and no federal question appears on the face of the complaint.

2. Whether Defendant waived removal by seeking substantive relief in state court (motion to set aside default) prior to removing.

3. Whether removal is procedurally improper and abusive where a default judgment exists and a state-court set-aside motion remains pending without a ruling.

4. Whether Defendant is equitably estopped—under Michigan and federal authority—from asserting alleged payment untimeliness after Defendant's agents repeatedly represented the account was not 30 days late.

5. Whether Plaintiff is entitled to costs and fees under 28 U.S.C. § 1447(c) because removal lacked an objectively reasonable basis.

## VI. STANDARD OF REVIEW

Removal statutes are strictly construed, and the removing defendant bears the burden of establishing jurisdiction. *Eastman*, 438 F.3d at 549–50. All doubts are resolved in favor of remand. *Coyne*, 183 F.3d at 493. Federal courts must confirm jurisdiction before addressing merits issues. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Under 28 U.S.C. § 1447(c), if jurisdiction is lacking, the case "shall be remanded."

## VII. ARGUMENT

### A. Removal is strictly construed; Defendant bears the burden; remand is mandatory where jurisdiction is absent.

The Supreme Court instructs that federal jurisdiction cannot be expanded by implication and removal statutes must be strictly construed. *Shamrock Oil*, 313 U.S. at 108–09. The Sixth Circuit holds that the removing defendant bears the burden and that doubts require remand. *Eastman*, 438 F.3d at 549–50; *Coyne*, 183 F.3d at 493. Because Defendant cannot carry its burden here, remand is mandatory under 28 U.S.C. § 1447(c).

### B. No subject-matter jurisdiction: no diversity and no federal question.

**1. No diversity jurisdiction.** Diversity requires complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The state-court judgment is $7,000 plus $86 in costs ($7,086). That figure is far below the statutory threshold, and it appears to a legal certainty that the amount in controversy cannot exceed $75,000. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). When the amount in controversy falls below the threshold, jurisdiction is absent and remand is required.

**2. No federal-question jurisdiction.** Federal-question jurisdiction exists only when a federal issue appears on the face of the plaintiff's properly pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). A defendant may not manufacture federal jurisdiction through defenses, counter-arguments, or artful reframing. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10–12 (1983). Because Defendant cannot satisfy § 1331 or § 1332, this Court lacks subject-matter jurisdiction and must remand. 28 U.S.C. § 1447(c).

### C. Defendant waived removal by seeking substantive state-court relief prior to removing.

A defendant may waive the right to remove by taking substantial action in state court that demonstrates an intent to litigate there—especially when the defendant seeks substantive relief. The Sixth Circuit recognizes waiver where a party's state-court conduct is inconsistent with removal. See *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990).

Here, Defendant did not simply appear. Defendant asked the state judge to exercise discretion to set aside a default judgment. That is substantive relief directed to the merits posture and the enforcement of a state judgment. After invoking that state authority, Defendant removed before the judge ruled. This Court should treat that conduct as waiver and remand on that independent basis.

### D. Procedural defects and improper timing under 28 U.S.C. § 1446 confirm remand is required.

Removal must comply with 28 U.S.C. § 1446, including complete filing of the state record and removal within authorized bounds. Removal is not intended to serve as a post-default escape hatch or a tool to interrupt pending state adjudication of a motion to set aside a judgment. Strict construction principles require remand where removal is used for delay or forum manipulation. *Shamrock Oil*, 313 U.S. at 108–09; *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (strict construction; burden on defendant).

Defendant's timing—removing while the set-aside motion is pending and before a ruling—confirms tactical abuse. This Court should not reward that conduct.

### E. Rooker–Feldman and related limits bar federal disturbance of the state judgment.

Federal district courts lack jurisdiction to review or overturn state-court judgments. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The Supreme Court reaffirmed that district courts are not appellate courts for state judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); see also *Skinner v. Switzer*, 562 U.S. 521, 531 (2011).

Defendant's removal, in practical effect, seeks to disrupt or negate the state court's default judgment and the pending set-aside adjudication. This Court should decline that invitation and remand.

### F. Abstention and comity principles independently require non-interference while state proceedings remain pending.

Even where a federal court has arguable jurisdiction, comity and federalism counsel against interference with ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32 (1982).

Here, the state court is actively seized of Defendant's motion to set aside default. The state court should decide that motion first. Federal intervention risks conflicting rulings and undermines the state court's authority.

**G. Estoppel, agency, and unclean hands bar Defendant's "late payment" narrative after Defendant's own agents repeatedly said the account was not 30 days late.**

**1. Michigan equitable estoppel applies to Defendant's agent representations.** Michigan defines equitable estoppel as arising where one, by acts, representations, admissions, or silence when a duty to speak exists, intentionally or through culpable negligence induces another to believe certain facts, the other rightfully relies and acts on that belief, and prejudice would result if the former is permitted to deny those facts. *Lichon v. Am. Universal Ins. Co.*, 435 Mich 408, 416 (1990) (quoting *Fleckenstein v. Citizens Mut. Auto. Ins. Co.*, 326 Mich 591, 599–600 (1950)).

Plaintiff repeatedly asked Defendant's customer service whether payments were late or "30 days late." Defendant's agents repeatedly said *no*. Plaintiff relied. Defendant cannot now argue the opposite to defeat Plaintiff's claims or to justify credit derogatories.

**2. Agent misstatements bind the principal under Michigan authority.** Michigan courts hold that the actions of an agent bind the principal when the agent acts with actual or apparent authority. *Meretta v. Peach*, 195 Mich App 695, 698 (1992); see also *Alar v. Mercy Mem'l Hosp.*, 208 Mich App 518, 528 (1995) ("The authority of an agent to bind a principal may be either actual or apparent."). Defendant's customer service representatives are the face of Defendant for payment status and account representations. Their statements are attributable to Defendant.

**3. Federal equitable principles likewise bar Defendant's reversal.** Federal law recognizes that a party may not induce reliance and later exploit the resulting prejudice. *Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 59–61 (1984). The doctrine of estoppel prevents a party from taking inconsistent positions to gain advantage. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

**4. Unclean hands applies where misconduct taints the position Defendant now asserts.** Michigan recognizes the clean-hands maxim in equity. See *Stachnik v. Winkel*, 394 Mich 375 (1975) (invoking clean-hands principle where misrepresentation tainted the claim). Defendant cannot both (i) reassure Plaintiff the account is not 30-days late and (ii) later punish Plaintiff for relying on those assurances.

In short, regardless of Defendant's after-the-fact litigation spin, Defendant's own representations and Plaintiff's reliance foreclose Defendant's "your argument falls flat" narrative and support prompt remand and relief.

### H. Bad-faith removal warrants costs and fees under 28 U.S.C. § 1447(c).

When a case is remanded, the Court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court holds that fees are appropriate where removal lacked an objectively reasonable basis. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the objective deficiencies are glaring: the amount in controversy is $7,086; no federal question appears on the complaint's face; Defendant sought substantive state-court relief before removing (waiver); and Defendant removed while a state set-aside motion was pending and before a ruling. These facts render removal objectively unreasonable and consistent with delay tactics. Plaintiff respectfully requests an award of costs and expenses caused by removal.

## VIII. REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

1. GRANT this Motion and REMAND the action to the 67th District Court, Genesee County, Michigan;

2. STAY all federal proceedings pending remand and closure of the federal docket;

3. AWARD Plaintiff just costs and actual expenses under 28 U.S.C. § 1447(c); and

4. GRANT any other relief the Court deems just and proper.

## IX. SIGNATURE

Dated: December 30, 2025

Respectfully submitted,

______________________________

Sherrod Pigee (Pro Se)

PO Box 991

Grand Blanc, MI 48480

Phone: 810-391-6977

Email: SDPIGEE@YAHOO.COM

## X. CERTIFICATE OF SERVICE

I certify that on December 30, 2025, I served a true and correct copy of this Emergency Motion to Remand; Motion to Stay; Opposition to Removal; Request for Costs and Fees; and Memorandum of Law on Defendant's counsel of record by (1) the Court's CM/ECF system (if registered) and/or (2) U.S. Mail to counsel's service address as stated in Defendant's Notice of Removal and/or appearance.

Sherrod Pigee

# APPENDIX A: CASE LAW INDEX (AUTHORITIES CITED)

## Removal / Jurisdiction / Remand

• 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1447

• Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)

• Eastman v. Marine Mech. Corp., 438 F.3d 544 (6th Cir. 2006)

• Coyne v. Am. Tobacco Co., 183 F.3d 488 (6th Cir. 1999)

• Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)

• St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)

• Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)

• Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)

• Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1 (1983)

• Long v. Bando Mfg. of Am., Inc., 201 F.3d 754 (6th Cir. 2000)

## Waiver

• Regis Assocs. v. Rank Hotels (Mgmt.) Ltd., 894 F.2d 193 (6th Cir. 1990)

## State Judgment Limits / Abstention

• Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923)

• D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983)

• Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)

• Skinner v. Switzer, 562 U.S. 521 (2011)

• Younger v. Harris, 401 U.S. 37 (1971)

• Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)

## Estoppel / Agency / Equity

• Heckler v. Cmty. Health Servs., 467 U.S. 51 (1984)

- New Hampshire v. Maine, 532 U.S. 742 (2001)
- Lichon v. Am. Universal Ins. Co., 435 Mich 408 (1990)
- Fleckenstein v. Citizens Mut. Auto. Ins. Co., 326 Mich 591 (1950)
- Meretta v. Peach, 195 Mich App 695 (1992)
- Alar v. Mercy Mem'l Hosp., 208 Mich App 518 (1995)
- Stachnik v. Winkel, 394 Mich 375 (1975)

**Costs / Fees**

- 28 U.S.C. § 1447(c)
- Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)

## LOCAL RULE 7.1(a) CONCURRENCE STATEMENT

Plaintiff attempted in good faith to obtain concurrence from Defendant's counsel prior to filing. Concurrence was not provided. Plaintiff therefore files this motion without concurrence.

## XI. PROPOSED ORDER

At a session of said Court held in the United States District Court for the Eastern District of Michigan, Southern Division.

THIS MATTER having come before the Court on Plaintiff Sherrod Pigee's Emergency Motion to Remand and Motion to Stay, and the Court being fully advised:

IT IS ORDERED that Plaintiff's Motion to Remand is GRANTED. This case is REMANDED to the 67th District Court, Genesee County, Michigan.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay is GRANTED. All federal proceedings are STAYED pending remand and closure of this case on the federal docket.

IT IS FURTHER ORDERED that Plaintiff's request for costs and expenses under 28 U.S.C. § 1447(c) is GRANTED / RESERVED pending submission of documentation.

IT IS SO ORDERED.

Date: ______________________

_________________________________

United States District Judge