# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHERROD PIGEE,

                Plaintiff,                        Case No. 2:25-cv-14064

v.                                     Hon. Brandy R. McMillion
                                     United States District Judge

U.S. BANK NATIONAL
ASSOCIATION,

                Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR REMAND (ECF NO. 9), GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 4), AND GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT (ECF NO. 5)

*Pro se* Plaintiff Sherrod Pigee ("Plaintiff" or "Pigee") initiated this action against Defendant U.S. Bank National Association ("Defendant" or "U.S. Bank") in the 67th Judicial District Court of Michigan, Case No. C35F2403-SC, by filing an Affidavit and Claim ("Complaint") on or about November 14, 2025, in the Small Claims Court for the 67th District of the State of Michigan ("Small Claims Action"). *See* ECF No 1-1, PageID.13.  Plaintiff's claims against U.S. Bank assert violations of the Fair Credit Reporting Act ("FCRA") and the Michigan Consumer Protection Act ("MCPA"), negligent misrepresentation, and financial and reputational harm. *Id*. at PageID.14.  Defendant removed the Small Claims Action to this Court on December 16, 2025, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, invoking this

Court's federal question and supplemental jurisdiction over the claims. *See generally* ECF No. 1.

Shortly after filing its Notice of Removal, Defendant also filed a Motion to Dismiss (ECF No. 4) and a Motion to Set Aside Default Judgment (ECF No. 5). The 67th District Court had rendered a default judgment against the Defendant after it failed to appear at a hearing or take any other steps to defend against Pigee's claims in the Small Claims Action. ECF No. 5, PageID.47. Defendant asserts that the default judgment was void because it was never properly served in the Small Claims Action. *Id.* Plaintiff has filed an Emergency Motion to remand the case back to state court and to stay all federal proceedings. ECF No. 9. Defendant opposes this motion. ECF No. 11.

The Court, having reviewed the motions with supporting briefs and the docket in the Small Claims Action, finds that oral argument is unnecessary and it can rule on the record before it. *See* E.D. Mich. LR 7.1(f). For the following reasons, Plaintiff's Emergency Motion for Remand (ECF No. 9) is **DENIED**; Defendant's Motion to Set Aside Default Judgment (ECF No. 5) is **GRANTED** and Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**.

## I.

Plaintiff's Complaint arises from a vehicle lease agreement with U.S. Bank and alleges that U.S. Bank incorrectly reported certain payments as delinquent on

Plaintiff's credit report despite Plaintiff's assertion that he made all payments on time. ECF No. 1-1, PageID.16. Based on these allegations, Plaintiff asserts claims for violations of the FCRA and MCPA, negligent misrepresentation, and financial and reputational harm. *Id.* at PageID.14. Plaintiff requests relief in the form of statutory damages, actual damages, punitive damages, costs, and correction of all inaccurate reporting. *Id.*

Prior to this litigation, Pigee filed a nearly identical action in this Court relating to the same vehicle lease transaction that forms the basis of this case. *See Pigee v. U.S. Bank National Association*, Case No. 2:25-cv-10246-BRM-DRG (E.D. Mich.) (the "Previous Litigation"). There, Pigee brought claims for breach of contract, unjust enrichment, violations of the MCPA and FCRA, and negligent infliction of emotional distress. Defendant moved to dismiss those claims in their entirety. The Court granted that motion, dismissing those claims with prejudice— with the exception of the FCRA claim which was dismissed without prejudice to be refiled after attempting to resolve the issue through the Credit Reporting Agencies. *See id.* (Order at ECF No. 11, PageID.113).

## II.

### A.    Motion for Remand (ECF No. 9)

A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction." 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by [a] defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Original federal court jurisdiction arises based on either diversity of citizenship and the amount in controversy, or a federal question. *See* 28 U.S.C. §§ 1331, 1332(a). The removing party bears the burden of establishing federal court jurisdiction. *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017). That said, courts strictly construe removal statutes, and "all doubts should be resolved against removal." *Id.*

Defendant has removed to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the Complaint includes claims under the FCRA, and that statute expressly grants this Court jurisdiction to hear such claims. ECF No. 1, PageID.2-3. Additionally, Defendant argues that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). *Id.* Plaintiff seeks remand back to state court arguing that this Court lacks jurisdiction and therefore remand is mandatory. *See generally* ECF No. 9. The Court disagrees. Defendant properly asserts federal question and supplemental jurisdiction, and the Court finds them applicable to support removal.

Pigee makes several additional arguments seeking remand, including Defendant waived the ability to remove by seeking substantive relief in state court, Defendant's timing of removal was improper, *Rooker-Feldman* and *Younger* prevent

4

removal, and Defendant acted in bad faith with unclean hands in the removal.  The Court finds each of these arguments to be without merit.  First, Defendant timely filed its Notice of Removal within thirty days of receiving a copy of the Complaint (Complaint mailed November 18, 2025, removal filed December 16, 2025).  ECF No. 1, PageID.1, 4.  That is sufficient for removal.  *See* 28 U.S.C. § 1446(b)(1).

Second, the *Rooker-Feldman* and *Younger* Abstention Doctrines do not prevent removal.  The *Rooker-Feldman* Doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  However, courts have held that "[b]ecause [] removal functions as a continuation of the state-court action, neither res judicata nor the *Rooker-Feldman* doctrine bars further proceedings."  *Soloway v. Huntington Nat'l Bank*, No. 1:12-CV-507, 2012 WL 12883651, at *2 (W.D. Mich. Nov. 29, 2012).  And "courts have implicitly approved of removal even after a state court has entered a default judgment."  *Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007) (citing *Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir.1955)).  If the state court had jurisdiction to set aside the default, the federal court similarly has jurisdiction to set aside the default in removed proceedings.  *Munsey* 227 F.2d at 903 (finding that a state court judgment subject to be set aside is "subject to the same hazard in the federal court after removal").

Moreover, the *Younger* Doctrine is applicable in criminal proceedings or civil enforcement proceedings that are similar in nature to criminal proceedings. *Younger v. Harris*, 401 U.S. 37, (1971); *see also Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017). Neither is at issue in this case, so *Younger* does not bar to this Court's exercise of jurisdiction over Pigee's civil claims. Last, Pigee's estoppel and unclean hand arguments go to the merits of his claims and not to the Court's jurisdiction or the procedural aspect of removal. Therefore, Plaintiff's Motion to Remand (ECF No. 9) is denied.

**B.      Motion to Set Aside Default Judgment (ECF No. 5)**

U.S. Bank seeks to set aside the default judgment entered in the Small Claims Action. *See generally* ECF No. 5.[1] Defendant argues that it was not properly served with the Complaint in that action and therefore without proper service, the default judgment is void. *Id.* at PageID.47.

Service on a corporation is controlled by Federal Rule of Civil Procedure 4(h), "which allows service of process on a corporation (1) by delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law to receive process, and if the agent is authorized by statute and the statute so requires, by mailing a copy to the defendant; or (2) in

---

[1] Plaintiff was ordered to respond to Motion to Set Aside Default Judgment on or before January 2, 2026 (*see* ECF No. 8); but he failed to file a response. However, the Court does not believe that a response is necessary to rule on this motion.

the manner set forth in Rule 4(e)(1)." *Tippins v. Common Ground*, No. 24-10923, 2025 WL 1417725, at *2 (E.D. Mich. May 15, 2025).  Rule 4(e)(1) allows service in accordance with state law, either where the district court sits (Michigan) or where service is to be made (Minnesota).  In Michigan, a corporate entity is served by:

(1) serving a summons and a copy of the complaint on an officer or the resident agent;

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporations, Securities & Commercial Licensing Bureau, Corporation Division if

(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or

(c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D).  In Minnesota, a corporation is served by "delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated under statute to receive service any statutory provision for the manner of such service shall be complied with…"  Minn. R. Civ. P. 4.03(c).

Pigee used none of these methods of service.  He attempted service on Defendant by certified mail to U.S. Bank, 800 Nicolette Mall, Minneapolis, MN, 55402.  That is not sufficient for proper service.  As noted by Defendant, it was not addressed to any "officer, director, trustee, agent, or person in charge" – which would be required in both Michigan and Minnesota.  ECF No. 5, PageID.48; *see also Tippins,* 2025 WL 1417725 at *2; *Ross v. Gillette Child. Hosp.*, No. CV 23-2488, 2024 WL 811773, at *1 (D. Minn. Feb. 27, 2024).  It also was sent via certified mail and not registered mail as required under Michigan law.  Mich. Ct. R. 2.105(D).  Accordingly, the Court finds that Plaintiff's attempted service was not proper under federal, Michigan or Minnesota law.

Under Fed. R. Civ. P. 60(b), the Court can set aside a judgment that is void.  *See* Fed. R. Civ. 60(b)(4).  In determining whether to set aside a default judgment, courts consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."  *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (citing U*nited Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir.1983)).  Here, on balance the factors weigh in favor of setting aside the default judgment.  First, there is nothing in the record to suggest that the default was willful.  If U.S. Bank was not properly served, it follows that they are not likely to appear to defend the action.  However, past practice shows that U.S. Bank would defend these very claims, as it

did so in the Previous Litigation.  Second, setting aside the default would not prejudice Plaintiff because it would allow the Court to determine the claims on their merits.  Third, U.S. Bank has a meritorious defense to this action (as discussed herein).  Therefore, the Court finds that setting aside the default judgment is warranted.  Moreover, because U.S. Bank was not properly served, the default judgment entered in that action was void and therefore should be set aside.

**C.      Motion to Dismiss (ECF No. 4)**

Defendant also filed a Motion to Dismiss all of Pigee's claims.[2]  In the Previous Litigation, the Court dismissed Pigee's prior breach of contract, unjust enrichment, MCPA, FCRA, and negligent infliction of emotional distress claims. *See* Case No. 2:25-cv-10246-BRM-DRG (ECF No. 11, PageID.111).  Only the dismissal of the FCRA claims was without prejudice, to be refiled after he had disputed the delinquent payments with the Credit Reporting Agency.  The remaining claims were all dismissed with prejudice.

The doctrine of res judicata and claim preclusion prohibits Pigee from proceeding in this action.  In evaluating claim preclusion, the Court looks to whether (1) there was "a final judgment on the merits" in a prior action; (2) "a subsequent suit between the same parties or their privies"; (3) an issue in the second lawsuit that

---

[2] Plaintiff was ordered to respond to Motion to Dismiss on or before January 9, 2026 (*see* ECF No. 7); but he failed to file a response.  However, the Court does not believe that a response is necessary to rule on this motion.

should have been raised in the first; and (4) the claims in both lawsuits arise from the same transaction. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Montana v. United States,* 440 U.S. 147, 153 (1979)). "Res judicata 'bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'" *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010) (quoting *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007)). "The fact that [a] plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action." *Hamilton v. State Farm Fire & Cas. Co.*, 127 F.3d 1102 (6th Cir. 1997).

There is no question that the first two elements and the fourth element are met—the Court issued a final judgment on the merits in the Previous Litigation, the parties in the Previous Litigation and the instant action are the same[3], and the claims in both lawsuits arise from Pigee's credit reporting relating to the vehicle lease agreement with U.S. Bank. As to the third element, it also supports dismissal of the current claims. Pigee brings MCPA claims in both suits. And his new negligent misrepresentation and financial and reputational harm claims could have been

---

[3] To the extent that Pigee considers US Bank and US Bank National Association different entities, the Court finds that they are the same legal entity as evidenced by the filings of Defendant in the instant action, referring to itself as U.S. Bank National Association ("U.S. Bank"). *See* ECF No. 1, PageID.1.

10

brought in the Previous Litigation.  Therefore, all Pigee's claims in the instant action are subject to claim preclusion and should be dismissed on that ground.

The only remaining claim at issue is the FCRA claim which the Court dismissed without prejudice to be refiled after Pigee attempted resolution with the Credit Reporting Agencies.  *See* Case No. 2:25-cv-10246-BRM-DRG (Order at ECF No. 11, PageID.113).  Nothing in the Complaint suggest that Pigee undertook any attempt at contacting the credit agencies, let alone engaging them for resolution which is required under the FCRA.  *See Boggio v. USAA Federal Savings Bank*, 696 F.3d 611, 615 (6th Cir. 2012) ("[C]onsumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a CRA").  Therefore, the FCRA claims too should be dismissed.

**IV.**

For the foregoing reasons, Plaintiff's Emergency Motion for Remand (ECF No. 9) is **DENIED**.  Defendant's Motion to Dismiss (ECF No. 4) and Motion to Set Aside Default Judgment (ECF No. 5) are **GRANTED**.  Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED WITH PREJUDICE**.

***This is a Final Order that closes the case.***

**IT IS SO ORDERED.**

Dated: February 9, 2026                          s/Brandy R. McMillion
      Detroit, Michigan                       HON. BRANDY R. MCMILLION
                                   United States District Judge

11